IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSE ROLANDO MERO-ANCHUNDIA,

                    Petitioner,

         v.                                                    OPINION and ORDER

DEPARTMENT OF HOMELAND SECURITY,                               25-cv-616-jdp

                    Respondent.

---

Petitioner Jose Rolando Mero-Anchundia, proceeding without counsel, seeks habeas relief under 28 U.S.C. § 2241. Mero-Anchundia is nearing completion of a ten-year term of incarceration for a federal crime, and he is now subject to an expedited order of removal issued under 8 U.S.C. § 1225(b)(1). Mero-Anchundia contends he's not subject to expedited removal because he was paroled into the United States for criminal prosecution and immigration officials didn't comply with federal regulations when they issued the order. Mero-Anchundia brings a claim under the Due Process Clause. He also contends that 8 U.S.C. § 1252(a)(2)(A) and § 1252(e)(2) bar this court from hearing that argument and that, as a result, the court can hear the argument under the Suspension Clause, U.S. Const. art. I, § 9, cl. 2.

Generally, only the court of appeals has jurisdiction to review final orders of removal. § 1252(a)(5). Judicial review of expedited orders of removal under § 1225(b)(1) is allowed by habeas petition, but that review is limited to the issues defined in § 1252(e)(2). Mero-Anchundia's petition does not fit any of the narrow exceptions to the court of appeals' exclusive jurisdiction. I will dismiss the petition and close the case.

BACKGROUND

I take the following background from my order dismissing without prejudice Mero-Anchundia's prior § 2241 petition on exhaustion grounds. *Mero-Anchundia v. Emmerich*, 24-cv-697-jdp, Dkt. 4. In the Southern District of Florida, Mero-Anchundia was convicted of conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. *United States v. Mero-Anchundia*, 17-cr-60008 (S.D. Fla.), Dkt. 27. Mero-Anchundia was sentenced to 120 months' imprisonment and was ordered to surrender to immigration authorities for removal proceedings after completing his prison term. *Id.* at 2, 4. Mero-Anchundia is incarcerated at FCI-Oxford and has a release date of November 23, 2025. In his petition, Mero-Anchundia concedes that he has been issued an expedited order of removal under § 1225(b)(1). Dkt. 1 at 1.

ANALYSIS

I must preliminarily review the petition under Rule 4 of the Rules Governing Section 2254 Cases, which applies to § 2241 cases. *Keller v. Watson*, 740 F. App'x 97, 97 (7th Cir. 2018). Rule 4 authorizes me to dismiss a habeas petition summarily if "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *See also Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993).

I lack jurisdiction to hear the arguments in Mero-Anchundia's petition. Under § 1252(a)(5), "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal . . . , except as provided in [§ 1252(e)]." Under § 1252(e), the issues that can be addressed by a habeas petition are restricted:

> (2) Habeas corpus proceedings
>
> > Judicial review of any determination made under section 1225(b)(1) of this title is available in habeas corpus proceedings, but shall be limited to determinations of—
> >
> > (A) whether the petitioner is an alien,
> >
> > (B) whether the petitioner was ordered removed under such section, and
> >
> > (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title, such status not having been terminated, and is entitled to such further inquiry as prescribed by the Attorney General pursuant to section 1225(b)(1)(C) of this title.

§ 1252(e)(2).

Mero-Anchundia does not contend that his petition fits any of these exceptions. Indeed, he concedes § 1252(e)(2) bars the court from hearing his due process argument based on immigration officials' alleged failure to follow federal law when they issued the expedited order of removal. Mero-Anchundia's contention that the Suspension Clause gives this court jurisdiction to hear his challenge to the validity of the expedited order of removal in view of the bars created by § 1252(a)(2)(A) and § 1252(e)(2) lacks merit. "The REAL ID Act clarified that final orders of removal may not be reviewed in district courts, even via habeas corpus [in all but limited cases], and may be reviewed only in the courts of appeals." *See Nasrallah v. Barr*, 590 U.S. 573, 580 (2020) (citing § 1252(a)(5)).

Mero-Anchundia is subject to a final order of removal, and the arguments in his petition fall outside the limited exceptions to the court of appeals' exclusive jurisdiction to hear challenges to final orders of removal. I will dismiss the petition and close the case.

ORDER

IT IS ORDERED that:

1. Petitioner Jose Rolando Mero-Anchundia's petition, Dkt. 1, is DISMISSED for lack of jurisdiction.

2. The clerk of court is directed to enter judgment and close the case.

Entered September 22, 2025.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge